F. EVERETT, INC., and Another, Plaintiffs, *v.* FRANK DELLA PENNA, as Chairman of the New York Executive Committee of Bricklayers Unions, Locals Numbered 1, 9, 21, 30, 34, 37 and 41, and Others, Defendants.

Supreme Court, Special Term, New York County, July 29, 1938.

*Howard Henig,* for the plaintiffs.

*Delson, Levin & Gordon,* for the defendants Frank Della Penna, as chairman, etc., William Kelly, as president, etc., and John Scola, as president, etc.

SCHMUCK, J. Motion to dismiss the complaint on the ground it fails to state facts sufficient to constitute a cause of action is denied.

An examination of the pleading indicates that every requirement imposed by section 876-a of the Civil Practice Act has been fulfilled. It states that every reasonable effort to settle the dispute by negotiation or arbitration has been made; that plaintiffs offered to submit to mediation and that defendants willfully refused and neglected to submit the dispute to arbitration or to comply with the terms of the trade agreement existing between the parties.

It would seem that paragraph 22 of the complaint is in full compliance with subdivision 4 of section 876-a of the Civil Practice Act. This consideration of the complaint in nowise contravenes the numerous Special Term decisions with reference to this question. It would be illogical and unscientific to hold, as seemingly counsel for the motion argues, that compliance with subdivision 4 means a redundant statement of every scintilla of evidence by means of which compliance with the subdivision is hoped to be established. Undeniably, ultimate facts must be alleged and, in the opinion of the court, paragraph 22 of the complaint satisfactorily does this.

It is further contended in support of the motion that the court has no jurisdiction to grant the relief sought. In elaboration of this plea attention is directed to subdivision (1) of paragraph (f) of subdivision 1 of section 876-a of the Civil Practice Act, where is found this declaration: " That no item of relief granted prohibits, directly or indirectly, any person or persons from doing, whether singly or in concert, any of the following acts: (1) Ceasing or refusing to perform any work or to remain in any relation of employment." This, proponent urges, deprives the court of any right to enjoin the executive committee or the locals from calling a strike, or, as it is alleged in the complaint, conspiring to abrogate the provisions of the trade agreement existing between the parties. The sophistry of this argument and its ineptness as a sound legal contention have been fully dealt with in *Greater City Master Plumbers Assn., Inc.,* v. *Kahme* (N. Y. L. J. Oct. 2, 1937, p. 954). There we find this expression: " Intervention by the court to enjoin wrongful conduct on the part of unions in violation of their agreements has been recognized as within the power of the court." Support of this rule is found in *Grassi Contracting Co.* v. *Bennett* (174 App. Div. 244), the court holding that the power of a court of equity to issue an injunction against a threatened strike by a labor union in violation of its contractual obligations or that of its members with their employers is undisputed. If further support of this proposition is needed it can readily be found in *Barnes & Co.* v. *Berry* (156 Fed. 72). If the law as thus announced has not been altered or modified by section 876-a of the Civil Practice Act, then this objection must be rejected. I agree with my colleague, Mr. Justice Lauer, that it does not, and accept as my own his statement: " This quoted section indicates that the Legislature has no intention of depriving the court of the power to enjoin formerly possessed by it where a breach of any contract not contrary to public policy has been threatened or committed."

For these reasons the motion is rejected. Order signed.